# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE MIMEDX GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 1:18-cv-04486-WMR<br><br>(Consolidated with Case No. 1:18-cv-04514-WMR and Case No. 1:18-cv-04864-WMR) |

## JOINT STATUS REPORT

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 7.4 of the Local Rules, plaintiffs and defendants (together, the "Parties") respectfully submit this Joint Status Report, which provides a joint report regarding case status and outlines the Parties' respective positions with respect to scheduling.

## I. THE PARTIES' JOINT STATUS UPDATE

On January 22, 2019, Plaintiffs filed their Verified Consolidated Shareholder Derivative Complaint ("Consolidated Complaint") (ECF 37).

On March 11, 2019, the Court entered an Order (1) staying all proceedings and deadlines until MiMedx Group, Inc.'s ("MiMedx" or the "Company") Special Litigation Committee ("SLC") completed its investigation, or until July 8, 2019, and (2) requiring MiMedx to inform the Court and counsel when the SLC's investigation was complete (the "Stay Order") (ECF 91).

On June 25, 2019, the Parties filed a Joint Status Report and Motion for Extension of Time (ECF 97), pursuant to which the Parties agreed, subject to an order by the Court, that (i) the Parties will meet and confer following the conclusion of the SLC's investigation and issuance of the SLC's substantive response and will submit to the Court a proposed schedule governing further proceedings in this matter on or before July 19, 2019; (ii) in the event the Parties were unable to agree upon a proposed schedule, plaintiffs and defendants would each submit a status report to the Court outlining their proposed schedule and their positions on any scheduling matters upon which the Parties were unable to reach agreement; (iii) the Court should hold a status conference if/as the Court deems appropriate in order to resolve any outstanding issues following submission of the Parties' proposed schedule(s); and (iv) defendants are not required to answer or otherwise respond to the Consolidated Complaint until such time as set forth in a subsequent scheduling order entered by the Court.

On June 27, 2019, the Court entered an order providing that defendants shall have no obligation to answer or otherwise respond to the Consolidated Complaint until such time as set forth in a subsequent scheduling order entered by the Court (ECF 98).

On July 1, 2019, MiMedx filed a "Submission Concerning the Findings of the Special Litigation Committee" (the "SLC Submission"), stating that the SLC completed its investigation on June 28, 2019, and attached an "Executive Summary" excerpted from the "Report of the Special Litigation Committee" ("SLC Report"), which summarizes the SLC's findings, conclusions, and determination that "it is not in the best interest of the Company to permit this derivative action to go forward." ECF 99-1 at 11.

The Parties subsequently exchanged proposed schedules to govern proceedings relating to defendants' motion to dismiss the action based on the SLC's findings and conclusions. On July 17, 2019, the Parties met and conferred telephonically to discuss their respective views, and exchanged e-mails the following day, but were unable to reach an agreement.

The Parties outline their respective positions and proposed schedules below.

## II.   PLAINTIFFS' POSITION AND PROPOSED SCHEDULE

### A.   Plaintiffs' Position

The Parties' differences regarding the appropriate schedule arise out of their disagreement with respect to: (i) whether defendants' planned motion to dismiss the action and terminate the claims based on the SLC's report of its investigation, findings and conclusions is properly brought as a pleadings challenge pursuant to

Rule 12 of the Federal Rules of Civil Procedure ("Rule 12") or a motion that triggers the procedural safeguards of Federal Rule of Civil Procedure 56 ("Rule 56"), including the opportunity to conduct discovery and entitlement to an evidentiary hearing; and (ii) whether the Florida statute that supplies the substantive rule of decision on defendants' motion entitles plaintiffs to conduct limited discovery.

Plaintiffs maintain that the Court cannot determine the appropriate schedule for addressing defendants' motion without resolving this threshold issue, and should order truncated briefing and set a hearing and concurrent scheduling conference to address these matters. Defendants maintain that the Court should determine the schedule based on this Joint Status Report, without briefing, hearing or scheduling conference. Plaintiffs summarize the basis for their position, the reasons the Court should adopt their proposed schedule, and the elements of that schedule, below.

Defendants' stated intention to file a motion to dismiss the action with prejudice based on the SLC's report of its investigation, findings and conclusions plainly triggers Rule 56's procedural safeguards, and the case law construing Fla. Stat. § 607.07401 makes clear that plaintiffs are entitled to limited discovery. Plaintiffs' proposed schedule provides an orderly, efficient, and fair procedure for resolving the threshold procedural dispute, and for proper consideration of

defendants' motion to terminate the claims under federal procedural and Florida substantive law.

The Parties agree that Fla. Stat. § 607.07401 provides the substantive rule of decision on defendants' motion. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90 (1991); *Peller v. S. Co.*, 911 F.2d 1532, 1536 (11th Cir. 1990); *Klein v. FPL Grp., Inc.*, 2003 WL 22768424, at \*4-5 (S.D. Fla. Sept. 26, 2003). Florida's statute clearly contemplates an evidentiary motion. It provides that the court "may dismiss a derivative proceeding if, on motion by the corporation, the court finds that [the SLC] has made a determination in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation[,]" and that "[t]he corporation shall have the burden of ***proving*** the independence and good faith of the group making the determination and the reasonableness of the investigation." *Id.* (emphasis added). The only court to address the question directly under the Florida statute held that the statute contemplates an evidentiary proceeding and entitles plaintiffs to conduct limited discovery into the issues of the SLC's independence, good faith and the reasonableness of its investigation. *See id.* at \*8, \*9 ("[I]n order for the Court to determine whether the [i]nvestigation was conducted in good faith and was reasonable, the Court needs to know what was done, and what information was

considered by the decisionmakers[;]" discovery must be "permitted to test the reasonableness of the investigation undertaken.").[1]

In addition, defendants' stated intention to base their motion to dismiss on the SLC's Report (which has not yet been provided to plaintiffs)—information extrinsic to the pleadings—requires that the Court treat the motion as "a summary judgment motion necessitating all the procedural safeguards of Rule 56." *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) (extrinsic evidence may be considered only if Rule 12 motion converted to motion for summary judgment); *Milburn v. U.S.*, 734 F.2d 762, 765 (11th Cir. 1984) (same); *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982) (same). Under these circumstances, the responding party must be afforded a reasonable opportunity to conduct discovery to meet the movant's evidence. *See* Rule 56(d)(2) ("If a

---

[1] The two cases defendants provided during the Parties' meet and confer, *Conroy v. Amos*, 338 F. Supp. 3d 1309, 1314 (M.D. Ga. 2018) and *Deal v. Tugalo Gas Company, Inc.*, 2018 WL 4255857, at *16 (N.D. Ga. Sept. 6, 2018), were decided under Georgia law and merely held, without explanation, that discovery was not necessary under the unique circumstances of those cases.

nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may … allow time to … take discovery…."); *see also Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."); *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (consideration of evidentiary motion proper only after "party opposing the motion has had an adequate opportunity for discovery"); *WSB–TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir.1988) (summary judgment before opportunity for discovery is reversible error); *Nzundu-Andi v. NCO Fin. Sys., Inc.*, 2009 WL 10701239, at *2 (N.D. Ga. Dec. 14, 2009) ("Because [p]laintiff has not been afforded the opportunity to conduct any meaningful discovery, the undersigned may not consider the merits of Defendant's summary judgment motion"); *Galligan v. Raytheon Co.*, 2009 WL 2985689, at *1 (M.D. Fla. Sept. 15, 2009) (summary judgment improper when opposing party not afforded discovery).

### B.    Plaintiffs' Proposed Schedule

Plaintiffs' proposed schedule begins with defendants providing plaintiffs' counsel only, pending entry of a suitable confidentiality protective order, the complete SLC Report referenced in defendants' July 1, 2019 filing (ECF 99),

including any appendices, exhibits or documents referenced in the SLC Report, and all applicable D&O insurance policies (*see* ECF 99, SLC Executive Summary at 11). These documents are material to the SLC's conclusion that even claims the SLC found meritorious and on which MiMedx would likely prevail should be terminated. *See*, *e.g.*, ECF 99 at 9-11.  This would permit plaintiffs to begin assessing the SLC's independence, good faith and the reasonableness of its purported investigation, in order to decide whether to contest the SLC's determination, and, if so, as to which claims and defendants, and then to evaluate the scope of necessary discovery. Skipping ahead to the motion, as defendants suggest, would forgo opportunities to narrow the issues in dispute, and improperly and unnecessarily prejudice plaintiffs' ability to contest their motion.

Plaintiffs' schedule would then have the Parties address the threshold question of what procedural protections must be afforded to plaintiffs in opposing defendants' motion.  Given this question's centrality in determining what procedures must be scheduled, the Court cannot determine the schedule without resolving it.  Plaintiffs' proposal provides for truncated but necessary briefing to fairly present the issue, followed by a hearing and concurrent scheduling conference to determine the remainder of the schedule in light of the Court's ruling.

Next, plaintiffs' schedule provides for limited discovery. Plaintiffs' discovery need not await the filing of defendants' motion because the legal questions material to that motion are clear and undisputed (i.e., whether defendants carry their burden of demonstrating the independence and good faith of the SLC and the reasonableness of its investigation), and the discovery will explore the facts asserted in the SLC Report. Resolution of any disputes regarding the scope and methods of discovery are best addressed after plaintiffs actually propound the discovery they believe they need based on their review of the SLC Report. Any motion practice as may be necessary should be based on actual, concrete issues narrowed in meet and confers about actual discovery requests, not speculation about what methods and scope might be pursued and might be considered objectionable.

The remainder of plaintiffs' proposed schedule is self-explanatory. Unlike defendants' proposed schedule, it affords plaintiffs sufficient time to oppose defendants' motion; it does not overlap discovery motion practice with briefing on defendants' motion; and it is self-executing, i.e., plaintiffs will not need to seek extensions of their deadlines if defendants take longer than expected to complete their tasks, such as document production, because plaintiffs' deadlines are triggered by defendants' certification that they have completed their tasks.

Accordingly, plaintiffs respectfully request that the Court enter an order incorporating the following schedule:

1.      Within **seven (7) days** of an order regarding this Joint Status Report, the SLC shall produce to plaintiffs: (i) the appendices, exhibits, and documents referenced in the SLC Report; and (ii) all applicable D&O insurance policies.

2.      Within **twenty-one (21) days** of an order regarding this Joint Status Report, the Parties shall concurrently submit briefs not to exceed 20 pages addressing whether defendants' motion is properly considered an evidentiary motion triggering Rule 56 safeguards and plaintiffs' entitlement to discovery under Fla. Stat. § 607.07401.  There shall be no further briefing on the issue unless ordered by the Court.

3.      The Court shall hold a hearing on the foregoing procedural question concurrently with a scheduling conference to determine the remainder of the schedule.

4.      To the extent not already produced by the time of the scheduling conference, then within **seven (7) days** of the scheduling conference, the Company's Board of Directors (the "Board"), the SLC, or their members shall produce to plaintiffs copies of: (i) the SLC Report and the appendices, exhibits, and documents referenced in the SLC Report; (ii) any reports prepared in connection with any of the

prior related Audit Committee investigations ("Audit Committee Reports"); and (iii) all applicable D&O insurance policies.

5.     Plaintiffs will serve Requests for the Production of Documents ("RFPs") within **twenty-one (21)** days of an order by the Court addressing the Parties' competing motions regarding the appropriate dispositive motion to be brought by the Company.

6.     Plaintiffs will serve Interrogatories within **fifteen (15) days** of service of the RFPs.

7.     The Board, the SLC, and/or their members will serve responses and objections to the RFPs and Interrogatories within **thirty (30) days** of service of the RFPs and Interrogatories, respectively.

8.     The Parties shall meet and confer in good faith regarding the responses and objections, and plaintiffs will file any motions to compel arising out of unresolved objections within **thirty (30) days** of service of the responses and objections to the RFPs and Interrogatories.

9.     Document production will commence not later than **forty-five (45) days** following service of the RFPs and Interrogatories, notwithstanding the existence of any objections or any pending motion to compel.

10.     Depositions will be completed within **sixty (60) days** of service of certifications by all responding parties or entities that they have produced all responsive documents they have agreed or been ordered to produce and have provided substantive responses to all interrogatories they have agreed or been ordered to provide.

11.     The Company will file its motion to terminate the pending derivative litigation ("Motion to Terminate") within **thirty (30) days** of the completion of depositions.

12.     Plaintiffs will file their response to the Motion to Terminate within **sixty (60) days** of service of the Motion to Terminate.

13.     The Company will file any reply in support of the Motion to Terminate within **twenty (20) days** of service of plaintiffs' response to the Motion to Terminate.

14.     Plaintiffs will file an amended complaint, as appropriate, within **thirty (30) days** following entry of an order by the Court resolving the Motion to Terminate.

## III.    DEFENDANTS' POSITION AND PROPOSED SCHEDULE

MiMedx's Special Litigation Committee ("SLC") has concluded its investigation of Plaintiffs' allegations and determined that "it is not in the best interest of the Company to permit this derivative action to go forward."  (DCKT

#99-1, at 11.) Accordingly, MiMedx intends to move to dismiss the Consolidated Complaint pursuant to Fla. Stat. § 607.07401(3), which provides that "[t]he court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that" the SLC "has made a determination in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation." MiMedx has informed Plaintiffs that it will be prepared to file its motion to dismiss on August 16, 2019, and the SLC's report will be attached to that motion for the Court's review.

Plaintiffs will not agree to a briefing schedule for MiMedx's motion to dismiss. Instead, Plaintiffs insist that this Court should not even see the Company's motion to dismiss until the Plaintiffs get the chance to challenge the grounds for that motion—namely that the SLC was independent, acted in good faith and conducted a reasonable investigation. To that end, Plaintiffs insist that before the motion to dismiss is filed, they need discovery to investigate the independence, good faith, and reasonableness of the SLC's investigation.

As a starting point, pursuant to Local Rule 26.2(A), the discovery period in this case has not begun, and Plaintiffs are "not entitled to discovery." *Spooner v. Wells Fargo Bank, Nat'l Assocs.*, No. 1:14-CV-3897-TWT-JSA, 2015 U.S. Dist. LEXIS 115790, at *21 (N.D. Ga. Aug. 6, 2015). In addition, this Court has

previously held that when a corporation moves to dismiss a derivative suit based on the determination of its special litigation committee that the lawsuit is not in the corporation's best interest, "discovery is intended more as an aid to the Court than it is as a preparation tool for the parties, and is not afforded to the plaintiff as a matter of right but only to such extent as the Court deems necessary." *Deal v. Tugalo Gas Co.*, No. 2:17-CV-209-RWS, 2018 U.S. Dist. LEXIS 151697, at *16 (N.D. Ga. Sept. 6, 2018) (denying motion for discovery) (quotations and citation omitted); *see also Conroy v. Amos*, 338 F. Supp. 3d 1309, 1314 (M.D. Ga. 2018) (Land, C.J.) (denying motion for "discovery into the independence and good faith" of an SLC "and the reasonableness of [its] investigation" because "the Court does not find that discovery is necessary to aid in its resolution of the pending motion to dismiss"). Although that case was decided under the Georgia Business Corporations Code and MiMedx's motion will be brought under the Florida Business Corporation Act, it is highly relevant to the parties' current dispute because the Georgia and Florida statutes are substantively identical when it comes to motions to dismiss based upon the findings of special litigation committees:

| Georgia Business Corporations Code O.C.G.A. § 14-2-744(a) | Florida Business Corporation Act Fla. Stat. § 607.07401(3) |
|---|---|
| "The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that one of the groups specified in subsection (b) of this Code section," which include a special litigation committee, "has made a determination in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation. The corporation shall have the burden of proving the independence and good faith of the group making the determination and the reasonableness of the investigation." | "The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that one of the groups specified below," which include a special litigation committee "has made a determination in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation. The corporation shall have the burden of proving the independence and good faith of the group making the determination and the reasonableness of the investigation." |

MiMedx does not believe that discovery will be needed for this Court to conclude that the SLC was independent, acted in good faith and conducted a reasonable investigation. Regardless, MiMedx offered to Plaintiffs to include in a joint scheduling order a schedule by which Plaintiffs could brief this discovery issue to the Court, once the Court has the opportunity to review MiMedx's motion to dismiss and the SLC's report to be filed with MiMedx's motion. After all, discovery regarding the independence and good faith of the SLC as well as the reasonableness of the SLC's investigation is "intended more as an aid to the Court than it is as a

preparation tool for the parties." *Deal*, 2018 U.S. Dist. LEXIS 151697, at *16 (quotations and citation omitted).

Thus, MiMedx believes that the next appropriate step in this litigation is for MiMedx to file its motion to dismiss pursuant to Fla. Stat. § 607.07401. Given that an affirmative ruling on MiMedx's motion to dismiss would be dispositive of the litigation, MiMedx further believes that in the interest of efficiency the other Defendants should not be required to answer, move to dismiss, or otherwise respond to the Consolidated Complaint until after the Court has ruled on MiMedx's motion to dismiss. After MiMedx files its motion to dismiss, if Plaintiffs move the Court for early discovery, MiMedx does not object to staying further briefing on its motion to dismiss and, instead, briefing the issue of whether discovery is needed "as an aid to the Court" in deciding MiMedx's motion to dismiss. *Deal*, 2018 U.S. Dist. LEXIS 151697, at *16 (quotations and citation omitted).

Accordingly, MiMedx proposes the following schedule to govern further proceedings in this matter:

> a.    MiMedx shall file its motion to dismiss the Consolidated Complaint pursuant to Fla. Stat. § 607.07401 on or before **August 16, 2019**;

b.    Plaintiffs shall oppose MiMedx's motion to dismiss on or before **September 16, 2019**;

c.    MiMedx shall file its reply brief in support of its motion to dismiss on or before **October 2, 2019**;

d.    The Parties will be prepared to provide oral argument to the Court regarding MiMedx's motion to dismiss during the status hearing scheduled for **October 10, 2019** at 9:30am;

e.    If Plaintiffs move the Court to allow discovery from MiMedx concerning the independence, good faith and/or reasonableness of the SLC's investigation (a "Discovery Motion"):

    i.    Plaintiffs shall file any such Discovery Motion on or before **September 5, 2019**; provided, however, that no Discovery Motion may be filed prior to **August 17, 2019**;

    ii.    MiMedx shall file its opposition to any Discovery Motion on or before **September 26, 2019**;

    iii.    Plaintiffs shall file their reply brief in support of any Discovery Motion on or before **October 7, 2019**;

      iv.    The Parties will be prepared to provide oral argument regarding the Discovery Motion during the status hearing scheduled for **October 10, 2019** at 9:30am; and

      v.    Plaintiffs shall be under no obligation to respond to MiMedx's motion to dismiss pursuant to Fla. Stat. § 607.07401, pending the entry of a scheduling Order by the Court after the resolution of the Discovery Motion.

    f.    Except as provided herein, Defendants' deadlines to answer, move to dismiss or otherwise respond to the Consolidated Complaint shall be stayed until further Order of this Court following the Court's ruling on MiMedx's motion to dismiss.

**RESPECTFULLY SUBMITTED THIS 19TH DAY OF JULY, 2019.**

**ROBBINS ARROYO LLP**

*/s/ Craig W. Smith*
Brian J. Robbins (*Pro Hac Vice*)
brobbins@robbinsarroyo.com
Craig W. Smith (*Pro Hac Vice*)
csmith@robbinsarroyo.com
Shane P. Sanders (*Pro Hac Vice*)
ssanders@robbinsarroyo.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Co-Lead Counsel for Plaintiffs*

**JOHNSON FISTEL, LLP**
Michael I. Fistel, Jr.
Georgia Bar No. 262062
michaelf@johnsonfistel.com
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101

*Liaison Counsel for Plaintiffs*

**KESSLER TOPAZ MELTZER**
**  & CHECK, LLP**
Eric L. Zagar
ezagar@ktmc.com
Christopher M. Windover
cwindover@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (267) 948-2512

*Co-Lead Counsel for Plaintiffs*

**GLANCY PRONGAY**
**  & MURRAY LLP**
Matthew M. Houston
mhouston@glancylaw.com
Benjamin Sachs-Michaels
bsachsmichaels@glancylaw.com
712 Fifth Avenue, 31st Floor
New York, NY 10019
Telephone: (212) 935-7400
Facsimile: (212) 756-3630

*Additional Counsel for Plaintiffs*

19

**ALSTON & BIRD**

*/s/ Robert R. Long*
Robert R. Long
Georgia Bar No. 141546
robert.long@alston.com
Elizabeth Gingold Clark
elizabeth.clark@alston.com
Georgia Bar No. 917979
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777

**SIDLEY AUSTIN LLP**
Walter C. Carlson (*Pro Hac Vice*)
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Email:  wcarlson@sidley.com

Isaac S. Greaney (*Pro Hac Vice*)
igreaney@sidley.com
Robert M. Garsson (*Pro Hac Vice*)
rgarsson@sidley.com
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Attorneys for Nominal Defendant*
*MiMedx Group, Inc.*

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

*/s/ S. Wade Malone*

S. Wade Malone
Georgia Bar No. 468015
wade.malone@nelsonmullins.com
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone (404) 322-6257
Facsimile: (404) 322-6050

*Attorneys for Defendants J. Terry Dewberry, Joseph G. Bleser, Charles R. Evans, Larry W. Papasan, Bruce L. Hack, Charles E. Koob, Neil S. Yeston, and Luis A. Aguilar*

**ROGERS & HARDIN LLP**

*/s/ Dan F. Laney*
Dan F. Laney
Georgia Bar No. 435290
dlaney@rh-law.com
Cameron B. Roberts
Georgia Bar No. 599839
croberts@rh-law.com
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone: (404) 522-4700
Facsimile: (404) 230-0951

**QUINN EMANUEL URQUHART
   & SULLIVAN**
William D. Weinreb (*Pro Hac Vice*)
billweinreb@quinnemanuel.com
Stacylyn Doore (*Pro Hac Vice*)
stacylyndoore@quinnemanuel.com
Kaitlyn M. O'Connor (*Pro Hac Vice*)
kaitoconnor@quinnemanuel.com
111 Huntington Avenue, Suite 520

Boston, MA 02199
Telephone: (617) 712-7000
Facsimile: (617) 712-7200

*Attorneys for Defendants Parker H. Petit and
William C. Taylor*

**FELLOWS LABRIOLA LLP**

*/s/ Henry D. Fellows, Jr.*
Henry D. Fellows, Jr.
hfellows@fellab.com
Georgia Bar No. 257825
Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, NE
Atlanta, GA 30303
Telephone:  (404) 586-9200
Facsimile:  (404) 586-9201

*Attorneys for Defendant Michael J. Senken*

**KILPATRICK TOWNSEND
  & STOCKTON**

*/s/ Stephen E. Hudson*
Stephen E. Hudson
Georgia Bar No. 374692
shudson@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

*Attorneys for Defendant John E. Cranston*

**JONES DAY**

22

*/s/ Janine Cone Metcalf*
Janine Cone Metcalf
Georgia Bar No. 503401
jmetcalf@jonesday.com1
420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Telephone:  (404) 581-3939
Facsimile:  (404) 581-8330

*Attorneys for Defendant Alexandra O. Haden*

**PARKER HUDSON RAINER
   & DOBBS LLP**

*/s/ William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
wholley@phrd.com
Scott Zweigel
Georgia Bar No. 786616
szweigel@phrd.com
303 Peachtree Street NE, Suite 3600
Atlanta, GA 30308
Telephone:  (404) 523-5300
Facsimile:  (404) 522-8409

*Attorneys for Defendant Chris Cashman*

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

**ROBBINS ARROYO LLP**

<u>*/s/ Craig W. Smith*</u>
Craig W. Smith (*Pro Hac Vice*)
csmith@robbinsarroyo.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Co-Lead Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of July, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record in the above-referenced action.

**ROBBINS ARROYO LLP**

<u>*/s/ Craig W. Smith*</u>
Craig W. Smith (*Pro Hac Vice*)
csmith@robbinsarroyo.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Co-Lead Counsel for Plaintiffs*